**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 25 2021

FOR THE NINTH CIRCUIT

BETSY SMITH-LIPSKA,

        Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   19-15502

D.C. No. 2:17-cv-02205-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Submitted February 8, 2021[**]
San Francisco, California

Before:  WARDLAW and BEA, Circuit Judges, and ROSENTHAL,[***]
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Betsy Smith-Lipska, a former grocery store food counter supervisor, appeals the district court's grant of summary judgment for Defendant (the "Commissioner"). The district court upheld the administrative law judge's ("ALJ") decision that Smith-Lipska is not disabled, and is therefore ineligible for disability insurance benefits ("DIB") and supplemental security income ("SSI"). We review de novo the decision of the district court that substantial evidence supported the ALJ's decision. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003); *see also* 28 U.S.C. § 1291. A vocational expert's testimony may constitute substantial evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019). We affirm.

A disabled person is eligible for DIB and SSI. 42 U.S.C. §§ 423(a)(1)(E) (DIB) and 1381a (SSI). A person is not disabled if she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g). That work must "exist[] in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

Here, the ALJ determined that Smith-Lipska was capable of performing other work with "very little, if any, vocational adjustment." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(f). Specifically, the ALJ stated that Smith-Lipska's ordering, scheduling, and customer service skills are transferable to the jobs of

2

order clerk, customer complaint clerk, and scheduler, for which 88,000, 826,000, and 233,000 positions are available nationwide, respectively.   The vocational expert provided unchallenged testimony to these facts.   Accordingly, the district court correctly granted summary judgment on the ground that substantial evidence supported the Commissioner's determination.   Thus, the decision of the district court is **AFFIRMED.**